# SUMMONS - CIVIL
**(Except Family Actions)**

JD-CV-1  Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. Secs 3-1 thru 3-21, 8-1

### STATE OF CONNECTICUT
## SUPERIOR COURT
*www.jud.ct.gov*

**"X" ONE OF THE FOLLOWING:**
*Amount, legal interest or property in demand, exclusive of interest and costs is:*

- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more

*("X" if applicable)*
- [ ] Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**

1. Type or print legibly; sign original and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint.  Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought.  See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are  hereby commanded to make due and legal service of this Summons and attached Complaint.

**RETURN DATE (Mo., day, yr.)**
*(Must be a Tuesday)* September 9, 200

| | | | |
|---|---|---|---|
| [X] JUDICIAL DISTRICT | | **AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349)** | **CASE TYPE (See  JD-CV-1c)** |
| [ ] HOUSING SESSION | [ ] G.A. NO. | **STAMFORD** | Major  **C**   Minor  **90** |

**ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)** | **TELEPHONE NO. (with area code)**
**123 HOYT STREET, STAMFORD, CT 06905**

| PARTIES | NAME AND ADDRESS  OF EACH PARTY *(No., street, town and zip code)* NOTE: Individuals' Names: *Last, First, Middle Initial* | | PTY NO. |
|---|---|---|---|
| **FIRST NAMED PLAINTIFF** | **LEVY, SCOTT, 3196 PACES MILL ROAD, ATLANTA, GA 30339** | | 01 |
| Additional Plaintiff | **KLUCSARITS, CHRISTOPHER, 41-08 42ND STREET, APT. 2F, SUNNYSIDE, NY 11104** | | 02 |
| **FIRST NAMED DEFENDANT** | **WORLD WRESTLING ENTERTAINMENT, INC., 1241 EAST MAIN STREET, STAMFORD, CT 06902** | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

[X] Form JD-CV-2 attached

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly.  **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE **JULY 16, 2008** | SIGNED (Sign and "X" proper box) | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT **JONATHAN M. LEVINE** |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) **SILVER GOLUB & TEITELL LLP, 184 ATLANTIC STREET, STAMFORD, CT 06901** | TELEPHONE NUMBER **(203) 325-4491** | JURIS NO. (If atty or law firm) **58005** |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) **MARTHA G. JACKSON, 361 Canterbury Lane, Fairfield, CT 06430** | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. **3** | # DEFS. **1** | # CNTS. **2** | SIGNED (Official taking recognizance; "X" proper box) | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

FILE DATE

A TRUE COPY Attest
a T. Gallup

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**ORIGINAL**

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**

STATE OF CONNECTICUT
**SUPERIOR COURT**

JD-CV-2   Rev. 4-97

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**LEVY, SCOTT, 3196 PACES MILL ROAD, ATLANTA, GA 30339**

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
**WORLD WRESTLING ENTERTAINMENT, INC., 1241 EAST MAIN STREET, STAMFORD, CT 06902**

**ADDITIONAL PLAINTIFFS**

| NAME *(Last, First, Middle Initial, if individual)*   ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|
| **SANDERS, MICHAEL, 1044 COKER CIRCLE, KENNESAW, GA 30144** | 03 |
| | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

**ADDITIONAL DEFENDANTS**

| NAME *(Last, First, Middle Initial, if individual)*   ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|
| | 54 |
| | 55 |
| | 56 |
| | 57 |
| | 58 |
| | 59 |
| | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

**CIVIL SUMMONS-Continuation**

RETURN DATE: SEPTEMBER 9, 2008       :       SUPERIOR COURT

SCOTT LEVY, CHRISTOPHER KLUCSARITS    :       J.D. OF STAMFORD/NORWALK
AND MICHAEL SANDERS, INDIVIDUALLY     :
AND ON BEHALF OF ALL OTHER            :
SIMILARLY-SITUATED INDIVIDUALS       :
                                               :

V.                                            :       AT STAMFORD
                                               :

WORLD WRESTLING                  :
ENTERTAINMENT, INC.             :       JULY 16, 2008

## COMPLAINT

1. Defendant World Wrestling Entertainment, Inc. ("WWE") is a Delaware corporation with its principal place of business in Stamford, Connecticut, and, on information and belief, is a successor corporation to World Wrestling Federation Entertainment, Inc. At all times relevant herein, WWE, and World Wrestling Federation Entertainment, Inc. were an integrated media and entertainment company engaged in the recruitment, training and development of wrestlers to perform in organized, staged, and broadcasted wrestling events. Defendant WWE is the world's dominant promoter of professional wrestling in which matches between wrestlers are organized in accordance with scripted storylines, and the outcomes of these matches are predetermined to enhance the attendant drama of the storylines.

2. Plaintiffs Scott Levy, Christopher Klucsarits, and Michael Sanders are/or have been employed by defendant WWE as wrestlers.

A TRUE COPY Attest,
Jon T. Gallup
[illegible]

3.  Defendant WWE employs and has employed plaintiffs and hundreds of other wrestlers to assume character identifies and perform stories involving dynamic physical and emotional elements at staged wrestling events worldwide.  As a condition of employment, plaintiffs, and each WWE wrestler were required to sign a lengthy form "Booking Contract."

4.  At all times relevant herein, defendant WWE has exercised total control over all aspects of the wrestlers' employment, including as follows:

> • defendant determines the wrestlers' physical training regimen;
>
> • defendant determines the wrestlers' skill training regimen;
>
> • defendant determines the location where the wrestlers perform;
>
> • defendant determines the time the wrestlers perform;
>
> • defendant determines who the wrestlers compete with and against, the duration of each match, and the outcome of each match;
>
> • defendant has the right to require that the wrestlers wrestle in a team and has the right to choose the co-workers for such a team;
>
> • defendant determines the costumes and hairstyles that the wrestlers' wear and has the right to require the use of company costumes and performance props;
>
> • defendant determines the wrestlers' stage persona and the specific traits of that persona, and further determines the mannerisms that the wrestlers use while performing and what signature moves and props the wrestlers use and when they may use them;

2

• defendant requires the wrestlers to adhere to certain story lines, including the specific dialogue of the requisite pre- and post-match boasting and badmouthing of the wrestlers' opponent(s);

• defendant has the right to use the wrestlers' likeness or image in perpetuity;

• defendant has the right to negotiate and enter into any agreements for the exploitation of intellectual property based on the wrestlers' personae for merchandising, commercial tie-ins, publishing, personal appearances, performances in non-wrestling events, and endorsements;

• defendant has the right to require the wrestlers to submit to drug screening;

• defendant unilaterally determines how the wrestlers are compensated.

5.  At all times relevant herein, plaintiffs and the other wrestlers hired by defendant WWE provide and provided services which is and was an integral part of defendant's business enterprise.  The "Booking Contract" explicitly forbids plaintiffs and the other wrestlers from having separate or distinct occupation or business.

6.  Notwithstanding defendant's total control over all aspects of the wrestlers' employment, the form "Booking Contract" entered into between defendant and plaintiffs and all other wrestlers employed by defendant WWE improperly characterized plaintiffs and the other wrestlers employed by defendant WWE as "independent contractors."

3

## CLASS ACTION ALLEGATIONS

7.  This action is maintainable as a class action under Connecticut Practice Book §§ 9-7 et seq.

8.  Plaintiffs Scott Levy, Christopher Klucsarits and Michael Sanders bring this on behalf of themselves and all other persons similarly situated.  The class consists of all individuals who are employed or have been employed by defendant World Wrestling Entertainment, Inc. and/or its predecessor, World Wrestling Federation, who were signatories to a Booking Contract in effect at any time within six years of July 16, 2008, and who were improperly classified throughout their tenure as "independent contractors."

9.  The exact number of members of the Class identified and described herein is not known at this time because a precise determination of the number of Class members is possible only through information within the exclusive control of defendant.

10.  The Class is so numerous that joinder of the individual members herein is impracticable.  Furthermore, on information and belief, the members of the Class are unaware of their rights to prosecute this action and may not have the means or resources to secure legal assistance to do so, except through inclusion in the Class.

11.  There are questions of law and fact common to the class, and these common questions of law and fact predominate over any questions affecting only individual members.

4

12.  The claims of the named plaintiffs are typical of the claims of the Class.  Defendant has, moreover, acted or refused to act on grounds generally applicable to all members of the proposed class.

13.  The named plaintiffs will fairly and adequately represent the interests of the class. There is no conflict between the named plaintiffs and other members of the Class with respect to this lawsuit or with respect to the Claims for Relief set forth herein.

14.  The prosecution of separate actions by individual members of the class would create the risk of inconsistent adjudications, which would establish incompatible standards of conduct for defendant.  Moreover, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNTS

### A.  FIRST COUNT (Breach of Contract)

1.-14.  Paragraphs 1 through 14 of this Complaint are incorporated herein as paragraphs 1 through 14 of this First Count.

15.  The Booking Contract between WWE and plaintiffs and the other wrestlers employed by WWE specified that WWE would make all withholding as required by law.

16.  As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers which it employed WWE as "independent contractors," defendant WWE failed to make

5

the withholding as required by law, and failed to provide plaintiffs and the other wrestlers which it employed with the benefits of employment paid for by such withholding.

17. As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers which it employed as "independent contractors," defendant WWE has further denied plaintiffs and the other wrestlers employed by WWE the rights, incidents and benefits of such employment.

18. By its conduct as aforesaid, defendant WWE has breached its contractual commitment to plaintiffs and the other wrestlers which it employed, to plaintiffs' financial detriment and to the financial detriment of the other wrestlers employed by defendant WWE.

**B.  SECOND COUNT (Unjust Enrichment)**

1.-14. Paragraphs 1 through 14 of this Complaint are incorporated herein as paragraphs 1 through 14 of this Second Count.

15. To the extent that defendant WWE's form Booking Contract deemed plaintiffs and the other wrestlers employed by defendant WWE to be "independent contractors," and provided that plaintiffs and the other wrestlers employed by defendant WWE were to be treated as "independent contractors" for purposes of the determination of the rights, incidents and benefits due to them for the services that plaintiffs and the other wrestlers rendered to WWE, such provisions of the Booking Contract are a sham and void.

SILVER GOLUB & TEITELL LLP  •  ATTORNEYS AT LAW
184 ATLANTIC STREET  •  P. O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 58005

6

16. As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers employed by defendant WWE as "independent contractors," defendant WWE has been unjustly enriched to plaintiffs' detriment by its receipt of the benefit of the services rendered by plaintiffs and the other wrestlers employed by defendant WWE without payment of proper compensation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray, on their own behalf and on behalf of all others similarly situated, that the Court grant the following relief:

1. that the Court certify this action as a class action on behalf of plaintiffs and all other individuals similarly situated;

2. compensatory damages;

3. such other relief as the Court deems just and proper.

Dated at Stamford, Connecticut this 16th day of July, 2008.

184 ATLANTIC STREET  •  P.O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 58005

PLAINTIFFS SCOTT LEVY,
CHRISTOPHER KLUCSARITS, AND
MICHAEL SANDERS, individually and on
behalf of all other similarly-situated
individuals,

BY: _____
DAVID S. GOLUB
JONATHAN M. LEVINE
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
(203) 325-4491

8

TO THE CLERK:

PLEASE ENTER THE APPEARANCE OF

SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
(203) 325-4491
JURIS NO. 58005

FOR THE PLAINTIFFS.

9

| APPEARANCE | STATE OF |
|---|---|
| JC-CL-12 Rev. 10-04<br>Pr. Bk. §§ 3-1 thru 3-6, 3-8 | CONNECTICUT |

*A pro se party is a person who represents himself or herself. It is your responsibility to inform the Clerk's Office if you have a change of address.*

**SUPERIOR COURT**
www.jud.state.ct.us

*NOTICE TO PRO SE PARTIES*

**INSTRUCTIONS**

1. Type or print legibly.
2. **Judicial District Court Locations:** In any action returnable to a Judicial District court location, file only the original with the clerk. In criminal actions see instruction #4.
3. **Geographical Area Locations:** In any action returnable to a Geographical Area court location, except criminal actions, file original and sufficient copies for each party to the action with the clerk. In criminal actions see instruction #4.
4. **In Criminal and Motor Vehicle Actions** (Pr. Bk. Secs. 3-4, 3-5): Mail or deliver a copy of the appearance to the prosecuting authority, complete the certification at bottom and file original with the clerk.
5. **In Summary Process Actions:** In addition to instruction #2 or #3 above, mail a copy to the attorney for the plaintiff, or if there is no such attorney, to the plaintiff and complete the certification below.
6. **In Small Claims Matters:** File the original with the Small Claims area or Housing Session location. Mail or deliver a copy to the attorney or pro se party and complete the certification below.
7. **For "In-lieu-of" Appearances** (Pr. Bk. Sec. 3-8): Complete the certification below.
8. Pursuant to Pr. Bk. Sec. 17-20, if a party who has been defaulted for failure to appear files an appearance prior to the entry of judgment after default, the default shall automatically be set aside by the clerk.
9. **In Juvenile Matters:** Do not use this form. Use form JD-JM-13 Appearance, Juvenile Matters.

| DOCKET NO. |
|---|
| |
| **RETURN DATE** |
| September 9, 2008 |
| **SCHEDULED COURT DATE** (Criminal/Motor Vehicle Matters) |

**NAME OF CASE** (FIRST-NAMED PLAINTIFF VS. FIRST- NAMED DEFENDANT)

Scott Levy, et al v. World Wrestling Entertainment, Inc.

| ☒ Judicial District | ☐ Housing Session | ☐ G.A. No. | ADDRESS OF COURT (No., street, town and zip code)<br>123 Hoyt Street, Stamford, CT 06905 |
|---|---|---|---|

▼  **PLEASE ENTER THE APPEARANCE OF**  ▼

| NAME OF PRO SE PARTY (See "Notice to Pro Se Parties" at bottom), OR NAME OF OFFICIAL, FIRM, PROFESSIONAL CORPORATION, OR INDIVIDUAL ATTORNEY<br>Day Pitney LLP | JURIS NO. OF ATTY. OR FIRM<br>14229 |
|---|---|

| MAILING ADDRESS (No., street, P.O. Box)<br>242 Trumbull Street | TELEPHONE NO. (Area code first)<br>860-275-0100 |
|---|---|

| CITY/TOWN<br>Hartford | STATE<br>CT | ZIP CODE<br>06103 | FAX NO. (Area code first)<br>860-275-0343 | E-MAIL ADDRESS<br>dwbartinik@daypitney.com |
|---|---|---|---|---|

**in the above-entitled case for:** ("X" one of the following)

☐ The Plaintiff.
☐ All Plaintiffs
☐ The following Plaintiff(s) only: _____
☒ The Defendant.
☐ The Defendant for the purpose of the bail hearing only (in criminal and motor vehicle cases only).
☐ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other (Specify) _____

Note: If other counsel or a pro se party have already appeared for the party or parties indicated above, state whether this appearance is:

☐ In lieu of appearance of attorney or firm or pro se party (Name already on file (P.B. Sec. 3-8) OR _____ (Name and Juris No.)

☐ In addition to appearance already on file.

| SIGNED (Individual attorney or pro se party)<br>X | NAME OF PERSON SIGNING AT LEFT (Print or type)<br>Douglas W. Bartinik | DATE SIGNED<br>8/21/08 |
|---|---|---|

**CERTIFICATION** | FOR COURT USE ONLY

*This certification must be completed in summary process cases (Pr. Bk. Sec. 3-5(a)); for "in lieu of" appearances (Pr. Bk. Sec. 3-8); in criminal cases (Pr. Bk. Sec. 3-5(d)); and in small claims matters.*

**I hereby certify that a copy of the above was mailed/delivered to:**

☒ All counsel and pro se parties of record as listed below and on additional sheet. (For summary process, criminal actions and small claims matters)

☐ Counsel or the party whose appearance is to be replaced as listed below and on additional sheet. (For "in lieu of" appearances)

| SIGNED (Individual attorney or pro se party)<br>X | DATE COPY(IES) MAILED OR DELIVERED<br>8/21/08  8/22/08  DWB |
|---|---|

| NAME OF EACH PARTY SERVED *<br>Scott Levy<br>Christopher Klucsaritis | ADDRESS AT WHICH SERVICE WAS MADE<br>c/o Jonathan M. Levine, Silver, Golub & Teitell LLP, 184 Atlantic Street, Stamford, CT 06901 |
|---|---|

* If necessary, attach additional sheet with names of each party served and the address at which service was made.

**APPEARANCE**

| | |
|---|---|
| SCOTT LEVY, CHRISTOPHER KLUCSARITS AND MICHAEL SANDERS, individually and on behalf of all other similarly-situated individuals, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) |
| | ) |
| Defendant. | ) ) ) |

CONNECTICUT SUPERIOR COURT

J.D. OF STAMFORD/NORWALK

AT STAMFORD

AUGUST 22, 2008

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:    The Clerk of the Court, Civil
Superior Court
Judicial District of Stamford/Norwalk, Connecticut**

PLEASE TAKE NOTICE that on August 21, 2008, defendant World Wrestling Entertainment, Inc. ("WWE") filed a Notice of Removal in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1441 *et seq.* A copy of the Notice of Removal is attached hereto as <u>Exhibit A</u>.

Please be advised that the filing of such Notice of Removal in the United States District Court for the District of Connecticut, together with the filing of this Notice with the Clerk of the Superior Court of the Judicial District of Stamford/Norwalk, State of Connecticut, effects the removal of this action. Accordingly, the Superior Court of the Judicial District of Stamford/Norwalk, State of Connecticut, shall proceed no further with this action unless and until it is remanded. <u>See</u> 28 U.S.C. § 1446(d).

Respectfully submitted,

WORLD WRESTLING ENTERTAINMENT, INC.,

By its attorneys,

Felix J. Springer (ct05070)
Stanley A. Twardy, Jr. (ct05096)
Douglas W. Bartinik (ct26196)
fjspringer@daypitney.com
stwardy@daypitney.com
dwbartinik@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
(860) 275-0184 – Telephone
(860) 275-0343 – Facsimile

Of Counsel:

Jerry S. McDevitt
jerry.mcdevitt@klgates.com
Richard W. Hosking
richard.hosking@klgates.com
K&L GATES LLP
535 Smithfield Street
Pittsburgh, PA  15222
(412) 355-6500 –Telephone
(412) 355-6501 – Facsimile

R. Bruce Allensworth
bruce.allensworth@klgates.com
Robert W. Sparkes, III
robert.sparkes@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100 – Telephone
(617) 261-3750 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I served a true copy of the foregoing document by first-class United States mail, postage prepaid, upon the following:

Counsel for Plaintiffs:

David S. Golub
Jonathan M. Levine
SILVER GOLUB & TEITELL LLP"
184 Atlantic Street
P.O. Box 389
Stamford, CT  06904

Douglas W. Bartinik

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT LEVY, CHRISTOPHER KLUCSARITS AND MICHAEL SANDERS, individually and on behalf of all other similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)  August 22, 2008<br>) |

## NOTICE OF REMOVAL

Defendant World Wrestling Entertainment, Inc. ("WWE") hereby provides notice that it is removing this action from the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut, in which court the case is currently pending, to the United States District Court for the District of Connecticut. In support thereof, WWE states as follows:

1.  WWE exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 to remove this case from the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut (the "State Court"). The case is now pending under the name and style of Scott Levy, Christopher Klucsarits and Michael Sanders, individually and on behalf of all other similarly-situated individuals v. World Wrestling Entertainment, Inc.

2.  28 U.S.C. Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3.      This is a civil action that was instituted in the State Court, by the filing of a

Complaint against WWE on or about July 16, 2008.  Plaintiffs served WWE with a summons

and the Complaint on July 24, 2008.  All process pleadings, and orders, including the Summons

and Complaint are attached hereto as **Exhibit A**.  This case is removed within the time period

allowed by the law of the State of Connecticut for WWE to answer or respond to plaintiffs'

Complaint.

4.      As more fully set forth below, this case is properly removed to this Court pursuant

to 28 U.S.C. § 1441 and § 1446 because this Court has subject matter jurisdiction over the case

pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331.

## I.      THE COMPLAINT

5.      Plaintiffs Scott Levy, Christopher Klucsarits, and Michael Sanders (collectively

"Plaintiffs") filed the present action alleging claims for breach of contract and unjust enrichment

against Defendant WWE.  Plaintiffs' Complaint alleges both individual and putative class

claims.

6.      The Complaint alleges that each of the named plaintiffs and putative class

members entered into a Booking Contract with WWE relative to the provision of professional

wrestling services to be provided by plaintiffs.  See Plaintiffs' Complaint ("Complaint") at para.

3.  The Complaint further alleges that the WWE Booking Contracts improperly classified

plaintiffs, and putative class members, as "independent contractors."  See id. at para. 6.  On the

basis of this alleged misclassification, the Complaint alleges claims for breach of contract and

unjust enrichment.

7.      With respect to the breach of contract claims, the Complaint alleges that the

Booking Contracts executed by plaintiffs also provided that "WWE would make all withholdings

- 2 -

as required by law."[1]  See id. at para. 15.  The Complaint further alleges that due to WWE's misclassification of plaintiffs as "independent contractors" – and not as "employees" – WWE "failed to make the withholdings as required by law, and failed to provide plaintiffs and other wrestlers which it employed with the benefits of employment paid for by such withholding."  Id. at para. 16.  In addition, the Complaint alleges that WWE has also denied plaintiffs "the rights, incidents and benefits of such employment."  Id. at para. 17.  On these bases, the Complaint alleges that WWE breached its contractual obligations to plaintiffs and putative class members, to the financial detriment of the named plaintiffs and putative class members.  See id. at para. 18.

8.      With respect to the unjust enrichment claim, the Complaint alleges that WWE's alleged improper classification of plaintiffs and putative class members as "independent contractors" has resulted in WWE's unjust enrichment, to plaintiffs' detriment, through "its receipts of the benefit of the services rendered by plaintiffs and [putative class members] . . . without payment of proper compensation."  Id. at para. 21 (incorrectly labeled as paragraph 16).

9.      In the Prayer for Relief, the Complaint seeks only "compensatory damages," and does not set forth any specific amount, measure, or theory of damages.  See id. at page 7.

---

[1] In fact, and as will be demonstrated in WWE's anticipated Motion to Dismiss, this allegation is an inaccurate description of the Booking Contracts at issue.  The contracts specifically provide that "[a]ll payments made to WRESTLER are in full without withholding, except where required by law."  Additionally, the contracts expressly provide that "WRESTLER shall be responsible for payment of all of WRESTLER's own Federal, state or local income taxes; all social security, FICA and FUTA taxes, if any, as well as all contributions to retirement plans and programs, or other supplemental income plan or program that would provide WRESTLER with personal or monetary benefits upon retirement from professional wrestling."  Id. at para. 9.11.

II.    SUBJECT MATTER JURISDICTION

   A.    **This Action Is Removable Under The District Court's Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

   10.    This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1331, which sets forth the boundaries of the Court's federal question jurisdiction. Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

   11.    28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

   12.    While federal question jurisdiction is generally premised on a properly pleaded federal claim, federal question jurisdiction will also vest where a complaint pleads state law causes of action that raise, depend upon, or otherwise implicate substantial questions of federal law. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005).

   13.    To satisfy this standard, the party seeking removal must establish three factors: (1) whether the state-law claim "necessarily raise[s] a stated federal issue;" (2) whether the stated federal issue is actually disputed and substantial; and (3) whether a federal forum may entertain that state-law claim without disturbing any congressionally approved balance of federal and state judicial responsibility. See Broder, 418 F.3d at 194 (citing Grable, 545 U.S. at 314).

   14.    Moreover, every claim asserted by a plaintiff need not exclusively raise federal issues or depend upon the interpretation of federal law. See Broder, 418 F.3d at 194. Instead, under established principles of supplemental jurisdiction, "[a] single claim over which federal question jurisdiction exists is sufficient to allow removal." Id. (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In this case (as discussed in greater detail below),

- 4 -

plaintiffs' claims are necessarily based on the interpretation of federal law – i.e., federal

employment tax law. Moreover, although the claims are in other respects couched in vague

terms, some of the claims appear to be subject to and preempted by the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Therefore, the Complaint logically

contains separate federal issue claims sufficient to support federal question jurisdiction.[2]

      15.     In the present case, plaintiffs' state law claims – breach of contract and unjust

enrichment – are predicated on WWE's alleged failure to make all withholdings required by law

and its alleged failure to provide plaintiffs with the benefits of such withholding. See Complaint

at paras. 16, 21. Whether WWE was required to make any such withholdings is entirely

dependent upon whether plaintiffs were "independent contractors" or "employees" of WWE – a

question which necessarily turns upon the application of federal employment tax law. The

Complaint, therefore, raises sufficient federal issues to support federal question jurisdiction in

this action.[3] See Broder, 418 F.3d at 195 (finding the requisite "federal issue" inherent in breach

of contract claim based on allegations that defendant violated federal law).

_____

[2] Plaintiffs' claims may also include state law components, including whether WWE failed to make the withholdings required by state tax law, which would depend upon the interpretation of state law regarding the distinction between an independent contractor and an employee. This, however, merely requires that plaintiffs' claims, for analytical purposes, be capable of being broken into two components; one state claim and one federal claim. See Broder, 418 F.3d at 194-95. As logically broken down in this case, plaintiffs' claims would inherently separate into these two separate claims – one based on state tax law and one based on federal law. As the federal component of Plaintiffs' claims supports federal question jurisdiction in this action, the Court may, and should, exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over the related state claims. See id. at 194 (citing Allapattah, 545 U.S. 546 (2005)).

[3] In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, a case involving a state law quiet title claim that turned upon the interpretation of federal tax law, the United States Supreme Court held that "the national interest in providing a federal forum for tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed [tax] issue on removal, which would not distort any division of labor between the state and federal courts, provided or assumed by Congress." 545 U.S. at 310.

16.     In fact, plaintiffs' claims inherently implicate several provisions of the Internal Revenue Code ("IRC"), which govern employment taxes and set forth an employer's obligations with respect to its employees' taxes under the IRC.  These provisions include the following: (1) 26 U.S.C. § 3402, which requires employers to collect and withhold payments from their employees' wages in order to satisfy their employees' shares of the federal income tax; (2) 26 U.S.C. §§ 3101, 3102, which impose a tax on employees under the Federal Insurance Contributions Act ("FICA") based on the wages paid to those employees, under which the employer is required to pay an "employee share" by withholding specified amounts from employees' wages and to pay an "employer share" out of its own funds; and (3) 26 U.S.C. § 3301, which imposes certain taxes on employers, based upon the wages paid to its employees, under the Federal Unemployment Tax Act ("FUTA").

17.     The common thread among all of the above-referenced provisions is that each applies to an employer's conduct only with respect to "employees" hired by that employer, and none of the provisions apply to or impose any requirements on those who contract with "independent contractors."  See 26 U.S.C. §§ 3101, 3102, 3121, 3402, 3301, 3306.

18.     Under each of the above provisions of the IRC – (1) federal income tax withholding (§3402); (2) FICA (§3102); and (3) FUTA (§3301) – the determination of whether an individual constitutes an "employee" for federal employment tax purposes is a factual issue dependent upon the specific circumstances presented.  See  26 Code Fed. Regs. § 31.3401(c)-1(d); 26 Code Fed. Regs. § 31.3121(d)-1; 26 Code Fed. Regs. § 31.3306(i)-1.  This determination necessitates analysis of the statutory definitions and provisions set out in the IRC provisions cited above, the relevant Treasury regulations promulgated under the IRC (see, e.g.,

- 6 -

26 Code Fed. Regs. § 31.3401(c)-1(d); 26 Code Fed. Regs. § 31.3121(d)-1; 26 Code Fed. Regs. § 31.3306(i)-1), and any pertinent revenue rulings.

19.     As a general matter under the IRC provisions, regulations, and revenue rulings, the term "employee" breaks into two categories: (1) common law employees; and (2) statutory employees.

20.     A determination of whether an individual constitutes a "common law employee," as the name suggests, requires an analysis of <u>federal</u> statutes, <u>federal</u> regulations, Internal Revenue Rulings and <u>federal</u> common law as espoused by the United States Supreme Court, <u>federal</u> circuit courts of appeal, and <u>federal</u> district courts.  <u>See, e.g.</u>, <u>Ware v. United States</u>, 67 F.3d 574, 578-80 (6th Cir. 1995).

21.     In addition, FICA and FUTA expressly apply to a class of "statutory employees," which constitutes a narrow list of specifically enumerated individuals who do not qualify as "common law employees" but who are to be treated as "employees" under the provisions of FICA and FUTA.  <u>See</u> 26 U.S.C. § 3121(d)(3); 26 U.S.C. § 3306(i) (limiting "statutory employees" to two of the four subsets identified in § 3121(d)(3)).  Again, determination of whether an individual qualifies as a "statutory employee" requires parsing of the provisions of FICA and FUTA, analysis of the regulations promulgated under those provisions of the IRC, and review of <u>federal</u> case law construing the statutes and regulations.

22.     Furthermore, plaintiffs' claims against WWE implicate Section 530 of the Revenue Act of 1978, as amended ("Section 530"),[4] and raise the issue of whether WWE is immunized from retrospective tax liability in the event that Plaintiffs were, as alleged, mischaracterized as independent contractors.

---

[4] Pub. L. No. 95-600, 92 Stat. 2763, 2885-86 (1978) (codified at 26 U.S.C. § 3401 note (1994)).

23.    Section 530 provides a safe harbor immunity from retrospective tax liability for employers who have misclassified employees pursuant to a "reasonable basis." This safe harbor operates where: (1) the employer did not treat the individual as an employee at any time for employment tax purposes (i.e., the employer always treated the individual as an independent contractor); (2) the employer has filed all required federal tax returns required to be filed with respect to any such individual "on a basis consistent with the [employer's] treatment of such individual as not being an employee;" (3) the employer did not treat any individuals holding a substantially similar position as an employee for tax purposes (consistency required in prior tax treatment of similarly situated individuals); and (4) the employer had a "reasonable basis" for not treating the individual as an employee. See Section 530.

24.    Resolution of plaintiffs' claims necessitates an analysis of Section 530 and its applicability to the facts of the present case, which analysis depends entirely on review and interpretation of the federal tax law, federal judicial precedent, and federal agency rulings – particularly IRS revenue rulings.

25.    In addition, and as noted previously, the Complaint's vague and unclear references to "the rights, incidents and benefits of such employment," (Complaint at para. 17) may also implicate and raise substantial issues as to plaintiffs' and the putative class members' classification and rights, if any, under ERISA.

26.    To the extent that plaintiffs' claims implicate ERISA, and the employment benefits provided thereby, plaintiffs' claims require a similar analysis and interpretation of plaintiffs' employment status—in this case as determined by ERISA, a federal statute.

27.    Therefore, to the extent that the Complaint is interpreted to raise claims under ERISA, those claims—whether styled directly as ERISA claims or disguised as state law breach

- 8 -

of contract or unjust enrichment claims—inherently raise federal issues and require interpretation and application of federal common law. Further, plaintiffs' potential relief under such claims, if any, is governed exclusively by federal law—again, ERISA. Thus, plaintiffs' claims raise another substantial federal issue sufficient to support federal question jurisdiction in this action.[5]

28.     The above-described federal issues also satisfy the second prong of the federal question analysis in that the issues raised by plaintiffs' claims are "actually disputed and substantial." See Broder, 418 F.3d at 195. Plaintiffs contend that WWE has improperly classified plaintiffs and, in doing so, violated federal employment tax law by failing to make withholdings as required by law and by failing to provide plaintiffs the benefits of such withholdings. See Complaint at para. 16. WWE disputes that it has misclassified plaintiffs – and contends that plaintiffs were in fact independent contractors – and that it in any way has failed to comply with federal tax law (or acted in a manner to constitute a breach of contract or unjust enrichment). In addition, plaintiffs' claims raise complex issues, governed by the extremely complicated federal tax law and the equally complex regulatory scheme promulgated thereunder and federal common law – all necessary sources for the determination of whether plaintiffs were "employees" or "independent contractors" for federal employment tax purposes. These issues are complex, in dispute, and they are substantial. These issues, moreover, are central to plaintiffs' claims (and WWE's defenses) and are sufficient to implicate a "serious

---

[5] In addition, to the extent that the Complaint implicates ERISA, plaintiffs' state law claims are completely pre-empted and thus removable to Federal Court. See Aetna Health Inc. v. Davila, 542 U.S. 200, at 210-11 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 113 (2d Cir. 2008) ("The purpose of ERISA preemption is to ensure that all covered benefit plans will be governed by unified federal law, thus simplifying life for employers administering plans in several states, because a patchwork scheme of regulation would introduce considerable inefficiencies in benefit program operation." (internal quotations omitted)); see also 29 U.S.C. § 1144.

federal interest" for which the advantages of a federal forum are substantial. See Broder, 418
F.3d at 195.

29.    Likewise, the vague claims in paragraph 17 of the Complaint are "actually
disputed." To the extent these vague claims implicate ERISA, there are complex questions of
unique federal law which will govern the assertion and resolution of such claims. The federal
interest in the area is substantial since, as noted, ERISA preempts state laws.

30.    Plaintiffs' claims also satisfy the third-prong of the federal question jurisdiction
test in that plaintiffs' claims are of the type "'which a federal forum may entertain without
disturbing any congressionally approved balance of federal and state judicial responsibilities.'"
Broder, 418 F.3d at 196 (citing Grable, 545 U.S. at 314-15). As in the Second Circuit's opinion
in Broder, it is a rare breach of contract or unjust enrichment action that depends entirely on
federal employment tax law, or that seeks to indirectly assert a private cause of action for
violation of federal tax laws which do not provide for direct private rights of action.[6] See id.

---

[6] See Seabury v. City of New York, No. 06-CV-1477, 2006 WL 1367396, at *5 (E.D.N.Y. May
18, 2006) ("Private citizens cannot enforce provisions of the Tax Code. That is the duty of the
Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are
charged with the responsibility of administering and enforcing the Tax Code . . . . Federal
Courts have consistently refused to imply a private right of action under the tax laws, including
actions of employees against employers who have violated the requirements of the Tax Code.");
Baraschi v. Silverwear, Inc., No. 01 Civ. 11263 (MBM), 2002 WL 31867730, at *6-7 (S.D.N.Y.
Dec. 23, 2002) ("if [plaintiff] is actually attempting to assert a claim based on the Internal
Revenue Code, her claim is barred on the ground that the Internal Revenue Code provides no
private right of action against employers"); White v. White Rose Food, 62 F. Supp. 2d 878, 886-
87 (E.D.N.Y. 1999)(finding that a private cause of action cannot exist under certain federal and
state tax provisions, including FUTA and FICA); Spilky v. Helphand, No. 91 Civ. 3045, 1993
WL 159944, at *4 (S.D.N.Y. May 11, 1993) (same); DiGiovanni v. City of Rochester, 680 F.
Supp. 80, 82-83 (W.D.N.Y. 1988) (same); see also McDonald v. Southern Farm Bureau Life Ins.
Co., 291 F.3d 718, 726 (11th Cir. 2002) (finding, after detailed analysis, no private right of
action under FICA based upon allegations of employee/independent contractor
misclassification). While the lack of a private right of action under the relevant federal tax laws
indicates that Congress did not intend to have such claims litigated in the context of private civil
cases, the absence of a private right of action does not foreclose the possibility of federal

Simply, the infrequency with which such cases would arise confirms that the judicial-state balance would not be upset by finding federal question jurisdiction over plaintiffs' claims. <u>See</u> <u>id.</u>

31.     To the extent the Complaint seeks benefits subject to ERISA, the third prong is unquestionably satisfied, as federal law preempts state law in that area.

32.     On the basis of the above, this Court has jurisdiction over the present action pursuant to its federal question jurisdiction under 28 U.S.C. § 1331, and thus removal to this Court is proper.

33.     To the extent that the Court ultimately determines that some portion of plaintiffs' claims do not raise substantial federal issues, the Court should exercise its supplemental jurisdiction under 28 U.S.C. § 1367, as those claims cannot be divorced from the federal issues raised by plaintiffs' Complaint and would form part of the same case or controversy under Article III of the United States Constitution.

## III.    **PROCEDURAL COMPLIANCE**

34.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service on WWE of plaintiffs' Complaint setting forth the claims for relief on which this removal is based.  In addition, this Notice of Removal is filed less than one year after the commencement of the original State court action. <u>See</u> 28 U.S.C. § 1446(b).

35.     This Notice of Removal is filed within the period provided under the Connecticut Rules of Court for WWE to respond to the Complaint.

---

question jurisdiction under <u>Grable</u>.  <u>See Broder</u>, 418 F.3d at 196 ("The <u>Grable</u> Court found this last requirement to be satisfied even in the absence of a private right of action because "it is the rare state quiet title action that involves contested issues of federal law.'" (quoting <u>Grable</u>, 545 U.S. at 317-18)).

36.    This case was removable at the time plaintiffs filed the Complaint and at the time of removal.

37.    Pursuant to 28 U.S.C. § 1441, et seq., the right exists to remove this case from the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut to the United States District Court for the District of Connecticut, which embraces the place where the action is pending.

38.    No previous application has been made for the relief requested herein.

39.    Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of plaintiffs' Complaint and Summons filed in the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut (attached hereto as **Exhibit A**).

40.    Written notice of the filing of this Notice of Removal will be served upon counsel for plaintiffs as required by law.

41.    A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut, as required by law, and served upon counsel for plaintiffs.

42.    WWE reserves any and all rights to assert any and all defenses to plaintiffs' Complaint, and to amend or supplement this Notice of Removal as necessary.

43.    In the event that plaintiffs file a motion to remand, or the Court considers remand *sua sponte*, WWE respectfully requests the opportunity to submit additional arguments or evidence as may be appropriate in support of removal.

**WHEREFORE**, defendant World Wrestling Entertainment, Inc. hereby removes this case from the Superior Court for the Judicial District of Stamford/Norwalk in the State of Connecticut, where it is now pending, to this Court, and requests that the Court accept

- 12 -

jurisdiction of this action and henceforth place this action upon the Court's docket for further

proceedings, same as though this action had originally been instituted in this Court.

Respectfully submitted,

WORLD WRESTLING ENTERTAINMENT, INC.,

By its attorneys,

Felix J. Springer (ct05070)
Stanley A. Twardy, Jr. (ct05096)
Douglas W. Bartinik (ct26196)
fjspringer@daypitney.com
stwardy@daypitney.com
dwbartinik@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
(860) 275-0184 – Telephone
(860) 275-0343 – Facsimile

Of Counsel:

Jerry S. McDevitt
jerry.mcdevitt@klgates.com
Richard W. Hosking
richard.hosking@klgates.com
K&L GATES LLP
535 Smithfield Street
Pittsburgh, PA  15222
(412) 355-6500 – Telephone
(412) 355-6501 – Facsimile

R. Bruce Allensworth
bruce.allensworth@klgates.com
Robert W. Sparkes, III
robert.sparkes@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100 – Telephone
(617) 261-3750 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I served a true copy of the foregoing document by first-class United States mail, postage prepaid, upon the following:

Counsel for Plaintiffs:

David S. Golub
Jonathan M. Levine
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT  06904

_____
Douglas W. Bartinik

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1  Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, §1-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

"X" ONE OF THE FOLLOWING:
*Amount, legal interest or property in demand, exclusive of interest and costs is:*

| | |
|---|---|
| ☐ | less than $2,500 |
| ☐ | $2,500 through $14,999.99 |
| ☒ | $15,000 or more |

("X" if applicable)
☐ *Claiming other relief in addition to or in lieu of money or damages.*

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are  hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.)
(Must be a Tuesday) September 9, 200

| | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☒ JUDICIAL DISTRICT | STAMFORD | Major __C__    Minor __90__ |
| ☐ HOUSING SESSION    ☐ G.A. NO. | | |

ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)     TELEPHONE NO. (with area code)
123 HOYT STREET, STAMFORD, CT 06905

| PARTIES | NAME AND ADDRESS  OF EACH PARTY     NOTE: Individuals' Names: (No., street, town and zip code)     Last, First, Middle Initial | ☒ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | LEVY, SCOTT, 3196 PACES MILL ROAD, ATLANTA, GA 30339 | | 01 |
| Additional Plaintiff | KLUCSARITS, CHRISTOPHER, 41-08 42ND STREET, APT. 2F, SUNNYSIDE, NY 11104 | | 02 |
| FIRST NAMED DEFENDANT | WORLD WRESTLING ENTERTAINMENT, INC., 1241 EAST MAIN STREET, STAMFORD, CT 06902 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE  JULY 16, 2008 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court    ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT  JONATHAN M. LEVINE |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)  SILVER GOLUB & TEITELL LLP, 184 ATLANTIC STREET, STAMFORD, CT 06901 | TELEPHONE NUMBER  (203) 325-4491 | JURIS NO. (If atty or law firm)  58005 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and  zip code)  MARTHA G. JACKSON, 361 Canterbury Lane, Fairfield, CT 06430 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS.  3 | # DEFS.  1 | # CNTS.  2 | SIGNED (Official taking recognizance) "X" proper box) | ☒ Comm. of Superior Court    ☐ Assistant Clerk | For Court Use Only  FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY, Attest,
_n T. Gallo_

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

ORIGINAL

**CIVIL SUMMONS**
CONTINUATION OF PARTIES
JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
SUPERIOR COURT

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
LEVY, SCOTT, 3196 PACES MILL ROAD, ATLANTA, GA 30339

FIRST NAMED DEFENDANT (Last, First, Middle Initial)
WORLD WRESTLING ENTERTAINMENT, INC., 1241 EAST MAIN STREET, STAMFORD, CT 06902

### ADDITIONAL PLAINTIFFS

| NAME (Last, First, Middle Initial, if individual)   ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|
| SANDERS, MICHAEL, 1044 COKER CIRCLE, KENNESAW, GA 30144 | 03 |
| | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

### ADDITIONAL DEFENDANTS

| NAME (Last, First, Middle Initial, if individual)   ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|
| | 54 |
| | 55 |
| | 56 |
| | 57 |
| | 58 |
| | 59 |
| | 60 |
| | 61 |
| | 62 |
| | 63 |

FOR COURT USE ONLY - FILE DATE

DOCKET NO.

CIVIL SUMMONS-Continuation

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW
184 ATLANTIC STREET   •   P. O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491   •   JURIS NO. 56005

| RETURN DATE:  SEPTEMBER 9, 2008 | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| SCOTT LEVY, CHRISTOPHER KLUCSARITS | : | J.D. OF STAMFORD/NORWALK |
| AND MICHAEL SANDERS, INDIVIDUALLY | : | |
| AND ON BEHALF OF ALL OTHER | : | |
| SIMILARLY-SITUATED INDIVIDUALS | : | |
| | : | |
| V. | : | AT STAMFORD |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC. | : | JULY 16, 2008 |

## COMPLAINT

1. Defendant World Wrestling Entertainment, Inc. ("WWE") is a Delaware corporation with its principal place of business in Stamford, Connecticut, and, on information and belief, is a successor corporation to World Wrestling Federation Entertainment, Inc.  At all times relevant herein, WWE, and World Wrestling Federation Entertainment, Inc. were an integrated media and entertainment company engaged in the recruitment, training and development of wrestlers to perform in organized, staged, and broadcasted wrestling events.  Defendant WWE is the world's dominant promoter of professional wrestling in which matches between wrestlers are organized in accordance with scripted storylines, and the outcomes of these matches are predetermined to enhance the attendant drama of the storylines.

2. Plaintiffs Scott Levy, Christopher Klucsarits, and Michael Sanders are or have been employed by defendant WWE as wrestlers.

A TRUE COPY/Attest,
Jon T. Gallup
Clerk M...

3.  Defendant WWE employs and has employed plaintiffs and hundreds of other wrestlers to assume character identifies and perform stories involving dynamic physical and emotional elements at staged wrestling events worldwide.  As a condition of employment, plaintiffs, and each WWE wrestler were required to sign a lengthy form "Booking Contract."

4.  At all times relevant herein, defendant WWE has exercised total control over all aspects of the wrestlers' employment, including as follows:

• defendant determines the wrestlers' physical training regimen;

• defendant determines the wrestlers' skill training regimen;

• defendant determines the location where the wrestlers perform;

• defendant determines the time the wrestlers perform;

• defendant determines who the wrestlers compete with and against, the duration of each match, and the outcome of each match;

• defendant has the right to require that the wrestlers wrestle in a team and has the right to choose the co-workers for such a team;

• defendant determines the costumes and hairstyles that the wrestlers' wear and has the right to require the use of company costumes and performance props;

• defendant determines the wrestlers' stage persona and the specific traits of that persona, and further determines the mannerisms that the wrestlers use while performing and what signature moves and props the wrestlers use and when they may use them;

2

184 ATLANTIC STREET   •   P.O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491   •   JURIS NO. 50005

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW

       • defendant requires the wrestlers to adhere to certain story lines, including the specific dialogue of the requisite pre- and post-match boasting and badmouthing of the wrestlers' opponent(s);

       • defendant has the right to use the wrestlers' likeness or image in perpetuity;

       • defendant has the right to negotiate and enter into any agreements for the exploitation of intellectual property based on the wrestlers' personae for merchandising, commercial tie-ins, publishing, personal appearances, performances in non-wrestling events, and endorsements;

       • defendant has the right to require the wrestlers to submit to drug screening;

       • defendant unilaterally determines how the wrestlers are compensated.

5. At all times relevant herein, plaintiffs and the other wrestlers hired by defendant WWE provide and provided services which is and was an integral part of defendant's business enterprise. The "Booking Contract" explicitly forbids plaintiffs and the other wrestlers from having separate or distinct occupation or business.

6. Notwithstanding defendant's total control over all aspects of the wrestlers' employment, the form "Booking Contract" entered into between defendant and plaintiffs and all other wrestlers employed by defendant WWE improperly characterized plaintiffs and the other wrestlers employed by defendant WWE as "independent contractors."

## CLASS ACTION ALLEGATIONS

7.  This action is maintainable as a class action under Connecticut Practice Book §§ 9-7 et seq.

8.  Plaintiffs Scott Levy, Christopher Klucsarits and Michael Sanders bring this on behalf of themselves and all other persons similarly situated. The class consists of all individuals who are employed or have been employed by defendant World Wrestling Entertainment, Inc. and/or its predecessor, World Wrestling Federation, who were signatories to a Booking Contract in effect at any time within six years of July 16, 2008, and who were improperly classified throughout their tenure as "independent contractors."

9.  The exact number of members of the Class identified and described herein is not known at this time because a precise determination of the number of Class members is possible only through information within the exclusive control of defendant.

10.  The Class is so numerous that joinder of the individual members herein is impracticable. Furthermore, on information and belief, the members of the Class are unaware of their rights to prosecute this action and may not have the means or resources to secure legal assistance to do so, except through inclusion in the Class.

11.  There are questions of law and fact common to the class, and these common questions of law and fact predominate over any questions affecting only individual members.

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW • JURIS NO. 58005
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491

4

12. The claims of the named plaintiffs are typical of the claims of the Class. Defendant has, moreover, acted or refused to act on grounds generally applicable to all members of the proposed class.

13. The named plaintiffs will fairly and adequately represent the interests of the class. There is no conflict between the named plaintiffs and other members of the Class with respect to this lawsuit or with respect to the Claims for Relief set forth herein.

14. The prosecution of separate actions by individual members of the class would create the risk of inconsistent adjudications, which would establish incompatible standards of conduct for defendant. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

COUNTS

A.  FIRST COUNT (Breach of Contract)

1.-14. Paragraphs 1 through 14 of this Complaint are incorporated herein as paragraphs 1 through 14 of this First Count.

15. The Booking Contract between WWE and plaintiffs and the other wrestlers employed by WWE specified that WWE would make all withholding as required by law.

16. As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers which it employed WWE as "independent contractors," defendant WWE failed to make

5

the withholding as required by law, and failed to provide plaintiffs and the other wrestlers which it employed with the benefits of employment paid for by such withholding.

17. As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers which it employed as "independent contractors," defendant WWE has further denied plaintiffs and the other wrestlers employed by WWE the rights, incidents and benefits of such employment.

18. By its conduct as aforesaid, defendant WWE has breached its contractual commitment to plaintiffs and the other wrestlers which it employed, to plaintiffs' financial detriment and to the financial detriment of the other wrestlers employed by defendant WWE.

## B. SECOND COUNT (Unjust Enrichment)

1.-14. Paragraphs 1 through 14 of this Complaint are incorporated herein as paragraphs 1 through 14 of this Second Count.

15. To the extent that defendant WWE's form Booking Contract deemed plaintiffs and the other wrestlers employed by defendant WWE to be "independent contractors," and provided that plaintiffs and the other wrestlers employed by defendant WWE were to be treated as "independent contractors" for purposes of the determination of the rights, incidents and benefits due to them for the services that plaintiffs and the other wrestlers rendered to WWE, such provisions of the Booking Contract are a sham and void.

6

16. As a result of defendant WWE's improper characterization of plaintiffs and the other wrestlers employed by defendant WWE as "independent contractors," defendant WWE has been unjustly enriched to plaintiffs' detriment by its receipt of the benefit of the services rendered by plaintiffs and the other wrestlers employed by defendant WWE without payment of proper compensation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray, on their own behalf and on behalf of all others similarly situated, that the Court grant the following relief:

1. that the Court certify this action as a class action on behalf of plaintiffs and all other individuals similarly situated;

2. compensatory damages;

3. such other relief as the Court deems just and proper.

Dated at Stamford, Connecticut this 16th day of July, 2008.

184 ATLANTIC STREET  •  P. O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 66005

PLAINTIFFS SCOTT LEVY,
CHRISTOPHER KLUCSARITS, AND
MICHAEL SANDERS, individually and on
behalf of all other similarly-situated
individuals,


BY: _____
    DAVID S. GOLUB
    JONATHAN M. LEVINE
    SILVER GOLUB & TEITELL LLP
    184 ATLANTIC STREET
    P.O. BOX 389
    STAMFORD, CONNECTICUT 06904
    (203) 325-4491

8

TO THE CLERK:

PLEASE ENTER THE APPEARANCE OF

SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
(203) 325-4491
JURIS NO. 58005

FOR THE PLAINTIFFS.