UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT LEVY, CHRISTOPHER KLUCSARITS  :
    and MICHAEL SANDERS                                  :

V.                                                                              :          Civil Action No. 3:08-01289 (PCD)

WORLD WRESTLING ENTERTAINMENT, INC. :

MEMORANDUM OF DECISION ON MOTION TO DISMISS

Pending is defendant's Motion to Dismiss citing several grounds. The complaint alleges that the three plaintiffs were wrestlers who entered into "Booking Contracts" with defendant, by which defendant was provided with personnel to perform in presentations defendant arranged for audience entertainment. Though wrestling is a sport in which two combatants engage in efforts to throw each other, as presented by defendant it is not a competitive engagement but is a staged pseudo-match, scripted, choreographed by agents of defendant and executed by wrestlers assigned by defendant which directs and controls the wrestlers' conduct and the outcome.

The complaint describes defendant's role in the presentations and alleges its total control over all aspects of the wrestlers' participation and the presentations noted to be an integral part of defendant's business. The wrestlers are required to perform as determined by defendant and are exclusively to function for defendant. They claim that they are mischaracterized as independent contractors when by the nature of the relationship they are, by operation of the law, employees. It is by virtue of their alleged status as such, notwithstanding the Booking Contracts specification of their status as independent contractors, that they claim, in Count One, to have been deprived of rights, incidents and benefits to which employees are entitled and in a specifically alleged breach defendant allegedly failed to withhold as required by law. Unjust enrichment is alleged in the second count in defendant's characterization of wrestlers as independent contractors and thus

depriving them of rights, incidents and benefits to which employees are entitled, without specifying any resulting losses. The withholding claim would seem unlikely to cause a loss since such a failure, if found, would have left in a plaintiff's possession of any amount not withheld, which if withheld would be paid to the government and applied to the plaintiff's tax liability and rebated to him if it exceeded the tax owed, neither of which would cause any loss.

DISCUSSION:

A. The complaint makes substantial reference to the Booking Contracts without attaching them. By their incorporation into the complaint which is founded significantly on their content, they are regarded as integral to the complaint and thus properly attached to defendant's memorandum in support of its motion to dismiss. Chambers v. Time Warner, Inc., 282 F. 3d 147, 152-53 (2d Cir. 2002); Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005); Gianetti v. Blue Cross & Blue Shield of Conn., Inc. No. 3:07cv1561, 2008 WL1994895, at *8, n.4 (D.Conn. May 6, 2008). The court will, herein, make occasional reference to them.

B. Defendant's motion, being premised on F.R.Civ.P. 12(b)(6), is only to be granted if the complaint articulates no plausible right to recover, assuming the truth of the allegations. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 1966 (2007). The allegations of the complaint are taken as true but legal conclusions, deductions and opinions are not regarded as advancing the plaintiffs' burden of demonstrating an entitlement to offer evidence in support of their claims. Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003). All reasonable inferences are to be drawn in favor of plaintiffs. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is inappropriate unless the complaint demonstrates that no facts can be proven within the allegations of the complaint that would entitle the plaintiff to relief. Davis v. Monroe County Bd. of Educ., 326 U.S. 629, 654 (1999). The question is whether the complaint states a legally

feasible cause of action and not to weigh the evidence that might be offered. <u>Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York</u>, 375 F.3d 176 (2d Cir. 2004).

      C. The breach of contract claim, count one, refers to the Booking Contract, § 7.11, quoting it as requiring defendants payments to each plaintiff to be "in full without withholding, except where required by law." Compl. ¶ 16. By itself, that phrase does not create a withholding obligation on defendant's part as it is dependent on the existence of a requirement by law. Relying on the contact's clear, repeated, references to plaintiffs as independent contractors, defendant argues that there is no obligation and therefor there is no breach as there is no citation of legal authority for such an obligation. Plaintiffs, in their first injection into the contracts argue that they are, by law, under their status as described in the contracts, employees for which a withholding obligation is imposed. They allege that defendant failed to withhold and thus is in breach. Resolution of this claim will be controlled by the question of whether, contrary to their specific characterization in the contract as independent contractors, their argument that they are entitled to be treated and deemed employees should prevail. Assuming, without deciding, that an obligation is created, cf 26 U.S.C. §§ 3402, 3103, 3102, 3301 there is no basis for finding resulting losses. By not withholding, defendant left plaintiffs in possession of the amount of any of their compensation which, if obliged, an employer was required to turn over to the government and plaintiffs benefitted thereby. If there was an obligation to withhold the amount would be paid to the government and applied by it to the plaintiff's tax liability, refunding to the plaintiff any excess over the tax liability ultimately found. Thus a plaintiff would lose nothing as withholding which he claims would, if made, be applied to his tax liability or refunded to him with no loss to him consistent with the Booking Contract's provision that plaintiffs were to be "responsible for payment of all [their] own Federal, state or local income taxes." Exs. A-C, § 9.11. If the forgoing

were not dispositive of plaintiffs' claims of breach of contract in the failure to withhold, the claim has been expressly renounced and cannot serve as a breach of contract claim. See Pl. Memo p.16, n. 4, citing Broder v. Cablevision Sys. Corp., 418 F.3d 187, 198 (2d Cir. 2005). This is consistent with the rule that there is no private action to enforce the tax code. Broder v, Cablevision Sys. Corp.418 F.3d 187, 198 (2d Cir. 2005); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); Davis v. United Air Lines, Inc., 575 F.Supp 677. 680 (E.DN.Y. 1983) ( breach of contract claim dismissed as end run attempt around Fed. Statute which does not permit a private action).

  The claim of unjust enrichment is asserted to be without legal merit as the relationship of the parties arises from an express contract. Meaney v. Conn. Hosp. Ass'n, Inc. 250 Conn. 500, 515-23 (1999); Alstom Power, Inc. v. Schwing Am., Inc., No. 3:04 cv 1311, 2006 WL 2642412, at *5 (D.Conn. Sept. 14, 2006). It is not a valid claim at law when there is an enforceable express contract. Dirienzo Mech. Contractors, Inc. v. Salce Contracting Assocs., Inc., No. CV O5: 40159138, 2007 WL4. There is nothing in the complaint to suggest that the Booking Contracts are invalid in their entirety. Thus the unjust enrichment cannot be seen as pled in the alternative, and even if that were the case it would be a claim without legal merit. OBG Tech. Servs., 503 F.Supp. 2d 490, 513 (D.Conn. 2007). There is no allegation that defendant failed to pay the compensation specified in the Booking Contracts which have been fully performed. Thus plaintiffs, who claim not to rely on the Booking Contracts, assert that beyond, apart and in addition to the compensation specified therein they are entitled to additional, unspecified rights, incidents and benefits as employees as opposed to the contract description, acknowledged and accepted therein, as independent contractors. Though breach of a contract obligation requires an express obligation, Johnson v. Sears Roebuck & Co., No. 3:05CV139 (JCH), 2007 WL 2491897,

at * 3 (D.Conn. 2007), plaintiffs claim the right to ignore the specified obligations and their rights in the Booking Contracts, instead being entitled to unspecified rights, incidents and benefits arising from their allegedly de facto statuses as employees. cf. See Santiago v. Owens-Illinois, Inc., 477 F.Supp. 2d 493, 501-02 (D.Conn.. 2007). Plaintiffs cite no authority for the proposition that with completion of their employment, with no claim of failure of defendant to provide any particular benefit, described in the Booking Contracts or not, defendant's exercise of control over their services having caused their status to have evolved to constitute them as employees, defendant can, after the fact, be held liable to respond in some unspecified form to a claim for unprovided, unspecified employee rights, incidents and benefits. Such a claim would leave defendant susceptible to court created obligations without limitation. Plaintiffs suggest that their theory of accrual of employee status is a valid basis for their claim and could be pled in an amendment to the complaint but no such claim has been pled, as an ERISA claim or an added contract obligation. Their claim must be judged, faced with a motion to dismiss, on the record pleadings and not an amendment possibly to be offered in the future. See Wright v.Ernst & Young, LLP., 152 F.3d 169, 178 (2d Cir. 1998); ITT v. Cornfeld, 619 F2d 909, 914, n. 6)@d Cir. 1998); Jacobson v. Peat, Marwick, Mitchell & Co. 445 F.Supp. 518, 626 (S.D.N.Y. 1977). Plaintiffs' opposition to the motion is not properly in the form of a possible amended complaint. Andreo v. Friedlander, Gaines, Cohen, Rosenthal &Rosenberg, H-85-551 (MJB), 1986 WL 15663 *10, n.7 (D.Conn. April 28, 1986).

  Defendant's first argument is that plaintiffs' complaint asserts a contract based on the Booking Contracts, the only source of a contractual relations mentioned in the complaint. Review of the complaint reveals a claim that plaintiffs were employed by defendant, compl. ¶ 2, a condition of which was their execution of a Booking Contract. Compl. ¶ 3. Plaintiffs were hired

to provide services as part of defendant's business and by the terms of the Booking Contracts were precluded from other occupations or business. Compl. ¶ 5. They were characterized in such Contacts as independent contractors. Compl. ¶ 6. No other contract is alleged as a basis for the breach of contract action asserted in Count One. The breach cited relies on defendant's undertaking to make all withholding as required by law. Compl. ¶¶ 15, 16. There is no allegation of fact that would establish a legal obligation in defendant to do so. Indeed ¶ 9.11 of the Booking Contract allocates to plaintiffs the responsibility of all Federal, state or local income taxes, all social security, FICA and FUTA taxes. Plaintiffs cite no authority for any creation of any obligation in defendant with respect to taxes. Absent both factual allegations and legal authority for any implication of a responsibility plaintiffs would attribute to defendant, the breach of contract claim asserted in Count One provides no basis for a finding of a breach related to tax liability on the part of defendant and is therefor subject to dismissal. The allegation of a deprivation of benefits "paid for by such withholding" is fabricated of whole cloth as withholding is subtracted from an employee's compensation and paid to the government for application to an employee's tax liability. It accrues no added earnings which plaintiffs make no claim were not paid in full to them. No particular benefits are claimed to have been lost. Regarding the breach of contract based on an alleged withholding obligation as thus without legal merit and in view of plaintiffs' disavowal of the Booking Contracts as the basis of their breach of contract claims, Pl. Memo p. 13, regarded as abandonment of any such claims, the First Count can be dismissed.

      Plaintiffs also assert that defendant's mischaracterizing them as independent contractors denied them rights, incidents and benefits of employment. No specification of any particular deprivation is articulated. Further there is no identification of any failure by defendant to provide any right, incident or benefit. The claim of unjust enrichment is thus stated as a legal conclusion

without factual substantiation. Where parties have an express contract which delineates the rights and obligations with respect to services to be provided and the compensation to be paid therefor, unjust enrichment does not lie. Meaney v. Conn. Hosp. Ass'n, Inc., 259 Conn 500, 516-23 (1999); Alstom Power, Inc. v. Schwing Am., Inc., No. 3:04CV1311, 2006 WL 2642412, at * 5(D.Conn. Sept 14, 2006); OBG Tech. Servs.Inc. v. Northrup Grumman Space & Mission Sys. Corp., 503 F.Supp. 2d 490, 512 (D.Conn. 2007). Plaintiffs would put to the trier of fact the determination of what incidents or benefits of employment defendant failed to provide, without limitation and affording defendant no opportunity to know what incidents and/or benefits are to be the focus of evidence at trial and thus no opportunity to prepare and present a defense to the claim. As there is no delineation of proof that might be offered to support the claim as pled, it is properly dismissed.

     D. Limitation of Actions. Defendant relies on the Connecticut Statute of Limitations, C.G.S. § 52-576 which bars an action for breach of contract unless brought within six (6) years of the accrual of the right of action. The defense is an affirmative defense, United States v. Spero, 331 f.3d 57, 60 n.2, (2d Cir. 2003) but is properly raised when the facts supporting the defense appear on the face of the complaint. McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004); United States v. Space Hunters, Inc., 429 F.3d 416, 426 (2d Cir. 2005); Roberts v. Babkiewicz, 563 F.Supp. 2d 358, 360 (D.Conn. 2008). The complaint does not set forth conduct alleged to constitute a breach or unjust enrichment at a specified time, from which it follows that no act can be said to be pled to have violated the contract or constituted unjust enrichment within six years prior to filing the complaint. Thus a valid argument for dismissal is made for those two claims.

     With respect to the claim of lost incidents and benefits of employment, the claim can be traced to the pleading that defendant mischaracterized plaintiffs' status. That occurred at the

inception of the three contracts, August 27, 2000 for Mr. Levy, August 3, 2001 for Mr. Sanders and March 25, 2002 for Mr. Klucsarits, each of which is outside the six years prior to the filing of the complaint on July 16, 2008. As pled these dates are binding on plaintiffs as judicial admissions. Official Comm. of the Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003). As the mischaracterizations are pled, and found, in the Booking Contracts, though the full import thereof may not then have been apparent, from that date they knew of their status from the Booking Contracts and that they were not to be regarded as employees. See Brennan v. Metro. Life Ins. Co., 275 F.Supp.2d 406, 409 (S.D.N.Y 2003); (ERISA cause of action accrued at execution of independent contractor agreement which contained a clear repudiation of eligibility for employee benefits: Downes v. JP Morgan Chase & Co., No. 03CV8991 (GEL), 2004 WL 1277991, *3-4(S.D.N.Y. June 8, 2004). State law claims of breach of contract and unjust enrichment accrue when injury is inflicted without regard to a plaintiff's knowledge of injury being sustained.  See Tolbert v. Connecticut Gen. Life Ins. Co., 257 Conn 118, 124-25 (2001). On these facts, none of the inception of the rights claimed in the First and Second Counts, as pled, occurred within the six years of the complaint and are barred.

  Plaintiffs' claims of a de facto status as employees evolved fails as there is no pleading that such occurred on any date with the six years. It is conceded that there is no evidence of when the claimed de facto employee status evolved. Pl. Memo, p. 15.  Nor do they cite authority for the proposition that a cause of action accrues with any unidentified failure to provide a benefit or incident of employment arising from a de facto status as an employee that occurred within the six years. To the contrary any such would allege an added injury only. Downes, supra at * 4.  As the causes of action in contract and unjust enrichment, as pled, accrued when the relationship with defendant was formed by the Booking Contracts, by which defendant was vested with authority

to act in relation to plaintiffs' services, which they claim constituted the control by which their employment status evolved, any claims arising out of defendant' control of plaintiffs' services accrued at the start of their services, i.e. at the execution of the Booking Contracts which were all outside the six year limitation period and are thus barred. See. <u>Brennan v. Metro. Life Ins. Co.</u>, 274 F.Supp. 2d 409; <u>Downes v. J.P. Morgan Co.</u>, supra.

  E. ERISA

  Though defendant's motion relies on aspects of ERISA law, the forgoing disposition of the motion makes it unnecessary to decide the issues thus raised.

  CONCLUSION:

  For the forgoing reasons defendant's motion to dismiss is granted. The complaint is dismissed in its entirety. The clerk will close the file.

  SO ORDERED:

Dated at New Haven, Connecticut this 20th day of February, 2009.

                /s/
              PETER C. DORSEY
              UNITED STATES DISTRICT JUDGE