**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SCOTT LEVY and CHRISTOPHER KLUCSARITS, on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 3:08-cv-01289 (PCD) |
| WORLD WRESTLING ENTERTAINMENT, INC. and WORLD WRESTLING ENTERTAINMENT INC., in its capacity as Plan Administrator of the WORLD WRESTLING ENTERTAINMENT, INC. 401(K) PLAN and the WORLD WRESTLING ENTERTAINMENT, INC. GROUP INSURANCE PLAN, | : : : : : : : : : : | |
| Defendants. | : : | |

**RULING ON PLAINTIFFS' MOTION TO ALTER JUDGMENT, SET ASIDE**
**JUDGMENT, AND REOPEN THE CASE**

On February 23, 2009, this Court granted Defendant World Wrestling Entertainment,

Inc.'s[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs Scott

Levy and Christopher Klucsarits[2] move pursuant to Federal Rules of Civil Procedure 59(e) and

60(b) to alter or amend the Judgment or for relief from the Judgment.  Plaintiffs contend that this

Court's ruling should be modified because they did not have an opportunity to amend their

---

[1] World Wrestling Entertainment, Inc. was the sole Defendant in the original suit.  In Plaintiffs' motion to alter judgment currently before this Court, they seek to amend their complaint to add as Defendants World Wrestling Entertainment, Inc., in its capacity as the Plan Administrator of two Employee Retired Income Security Act ("ERISA") plans: a 401(k) plan and a group insurance plan.

[2] Plaintiff Michael Sanders from the original suit has not joined in the motion currently before this Court.

complaint and the Court has not considered the viability of Plaintiffs' proposed amendments.

For the reasons stated herein, Plaintiffs' Motion to Alter Judgment, Set Aside Judgment, and

Reopen the Case [Doc. No. 38] is **denied** and the Court's prior ruling [Doc. No. 36] is **affirmed**.

## I.      Standard of Review

Federal Rule of Civil Procedure 59(e) provides:  "A motion to alter or amend a judgment

must be filed no later than 10 days after the entry of the judgment."  FED. R. CIV. P. 59(e).

However, the rule itself "does not prescribe specific grounds for granting [such] a motion."

Rohlehr v. Brookdale Univ. Hosp. and Med. Ctr., No. CV-03-3576 (CPS), 2007 WL 210427, at

*2 (E.D.N.Y. Jan. 26, 2007) (quoting Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir.

2004)).  However, courts have held that "district courts may alter or amend a judgment to correct

a clear error of law or prevent manifest injustice."  Id.

Federal Rule of Civil Procedure 60(b) allows relief from a final judgment in a case of:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ;(3)

fraud . . . or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

been satisfied, released or discharged . . .; or (6) any other reason that justifies relief."  FED. R.

CIV. P. 60(b).  Relief from a final judgment should be "invoked only upon a showing of

exceptional circumstances," Neimazer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986), and is generally

disfavored.  United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  "The

burden of proof [to demonstrate exceptional circumstances] is on the party seeking relief from

judgment."  Int'l Bhd. of Teamsters, 247 F.3d at 391.  Rule 60(b) should not be used as a

substitute for an appeal; courts should decline to relitigate bases for the judgment.  Competex

S.A. v. Labow, 783 F.2d 333, 335 (2d Cir. 1986).

While Plaintiffs bring their motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), their memorandum also references motions for reconsideration. (Pls.' Mem. Supp. Mot. Alter Amend Relief J. at 2.) However, motions pursuant to Rule 59(e), Rule 60(b), and Local Rule 7(c) for reconsideration are treated under the same standard. See City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991) (citing C. Wright, A. Miller, E. Cooper & E. Gressman, 16 Federal Practice and Procedure § 3950 at 364 n.7 (1977) ("Any kind of motion that draws into question the correctness of the district court judgment is considered to be a motion 'to alter or amend the judgment' under Civil Rule 59(e). Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment.")).

## II.     Discussion

Plaintiffs have moved to open the Judgment and file an amended complaint. Defendants assert that Plaintiffs' motion is untimely. However, Plaintiffs filed within ten days after entry of the Judgment, as required by FED. R. CIV. P. 59(e). Plaintiffs moved to alter the Judgment on March 10, 2009, ten days, excluding weekends and holidays, after the February 24, 2009 Judgment [Doc No. 36]. Accordingly, Plaintiffs' motion is timely.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to a party to amend its pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). However, the grant or denial of such leave is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962). Leave may be denied if the proposed amendment is futile, in bad faith, unduly delayed, unduly prejudicial to the opposing party, or subsequent to repeated failures to correct deficiencies by previously permitted

amendments.  Id.  Further, "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly."  State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990).

Here, as Plaintiffs did not move to amend their complaint until after the case was dismissed, the more exacting standard applies.  Plaintiffs claim that in their response to Defendant's motion to dismiss, they "expressly requested permission to file an Amended Complaint to assert [Employee Retirement Income Security Act ("ERISA")] claims."  (Pls.' Mem. Supp. Mot. Alter Amend Relief J. at 3.)  Plaintiffs then note that leave to amend is normally granted when an action is removed pursuant to ERISA.  (Id. at 4 (citing Bellavita v. Paul Revere Life Ins. Co., No. 3:96CV608 (AHN), 1997 WL 597115, at *3 (D. Conn. Sept. 11, 1997))).  However, Plaintiffs never formally moved to amend their complaint.  Although their memorandum in opposition to dismissal did note that they were "prepared to amend their Complaint to assert claims under [ERISA] plans,"  (Pls.' Mem. Opp'n Def.'s Mot. Dismiss at 19), this submission is no substitute for a motion to amend and will not be treated as such.  See In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) (rejecting Plaintiffs' contention that dismissal should not have been granted because they "indicated an ability to amend the complaint").

Furthermore, a district court may deny a party's request for leave to amend its complaint if amendment is futile.  Foman, 371 U.S. at 182.  An amendment is futile if it would  not survive a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6).  Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); see also In re Merrill Lynch, 273 F. Supp. 2d at 392-93 (listing

4

cases where amendment was found to be futile).  Accordingly, the court may deny a proposed

amendment if it fails to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiffs seek to amend their complaint to assert claims

pursuant to ERISA (Pls.' Mem. Supp. Mot. Alter Amend Relief J., Ex. B ¶¶ 23-24), as well as

replead their state law claims for breach of contract (id. ¶¶ 23-25) and unjust enrichment (id. ¶

26).[3]  All of these amendments, however, still fail to state a claim upon which relief can be

granted.  An amended complaint would therefore be futile.

  In the proposed amended complaint, Plaintiffs assert that "they are participants in

defendant [World Wrestling Entertainment, Inc.'s] ERISA plans and are entitled to the full

benefits of such plans."  (Pls.' Mem. Supp. Mot. Alter Amend Relief J., Ex. B ¶ 24.)  However,

this claim relies on the reiteration of Plaintiffs' argument espoused in the first complaint.

Plaintiffs assert that they were unaware of Defendants' intention to treat them as independent

contractors and that an employer-employee relationship developed between themselves and

Defendants.  (Pls.' Mem. Supp. Mot. Alter Amend Relief J. at 7.)  However, this Court has

already rejected Plaintiffs' argument that their relationship with Defendants evolved to employer-

employee status.  The Booking Contracts that outline the terms and conditions of the relationship

between WWE and each wrestler specifically stipulate that Plaintiffs are independent contractors.

(WWE's Mem. Supp. Mot. Dismiss Ex. A, Section 13.1.)  Furthermore, Plaintiffs cite no

authority to support their employer-employee claim and did not show that the Booking Contracts

---

  [3] Plaintiffs misnumber the paragraphs in their proposed amended complaint.  Plaintiffs'
claim pursuant to ERISA is labeled ¶¶ 23-24 under the first claim for relief.  Plaintiffs' claim
pursuant to breach of contract is labeled ¶¶ 23-25 under the second claim for relief.  Plaintiffs'
claim pursuant to unjust enrichment is labeled ¶ 26 under the third claim for relief.

were invalid.  (Mem. Decision Mot. Dismiss at 5, 4.)  Thus, an amendment to assert an ERISA claim premised upon an employer-employee relationship between Plaintiffs and Defendants would be futile as it fails to state a cognizable cause of action.

Plaintiffs' proposed amendments to replead their state law breach of contract and unjust enrichment claims are also futile.  Plaintiffs assert that this Court dismissed their breach of contract claim because their complaint "did not specify the particular benefits and incidents of employment that they were denied as a result of defendant's mischaracterization of their status." (Pls.' Mem. Supp. Mot. Alter Amend Relief J. at 5.)  The Court did note that "[n]o particular benefits [were] claimed to have been lost [by Plaintiffs]." (Mem. Decision Mot. Dismiss at 6.) However, in dismissing the case, this Court primarily relied upon the flaws in Plaintiffs' claim that they have an employer-employee relationship with Defendants.  (Id. at 5.)  Similarly, Plaintiffs maintain a claim for unjust enrichment, arguing that they have an employment relationship implied at law.  (Pls.' Mem. Supp. Mot. Alter Amend Relief J. at 7 n.1.).  Such a relationship has been explicitly rejected by this Court in its ruling granting Defendant's motion to dismiss.  Accordingly, Plaintiffs' proposed amendments of their state law claims are futile.

## III.   Conclusion

For the reasons stated herein, Plaintiffs' Motion to Alter Judgment, Set Aside Judgment, and Reopen the Case [Doc. No. 38] is **denied** and the Court's prior ruling [Doc. No. 36] is **affirmed**.  The clerk is directed to close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this  31st day of July, 2009.

6

_____
/s/
Peter C. Dorsey, U.S. District Judge
United States District Court
